MICHAEL J. HEYMAN
United States Attorney

JOSHUA A. TRAINI
NOAH ROETMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Josh.Traini@usdoj.gov
Email: Noah.Roetman@usdoj.gov

Attorneys for Defendants

Received in the Alaska Trial Courts on 03/26/2026.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| HARMONY AVESSUK, ) | |
| ) | |
| Plaintiff, ) | Case No. 3AN-25-11474CI |
| ) | |
| vs. ) | |
| ) | |
| ALASKA NATIVE MEDICAL ) | |
| CENTER; ELYSIA SOPHIA ) | |
| SPENCER, M.D.; TIRZA CANNON, ) | |
| M.D.; and JULIE CASTLE, M.D., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on March 26, 2026, the United States of America, through

undersigned counsel, filed in the Office of the Clerk of the United States District Court

for the District of Alaska, its Notice of Removal of the above-captioned action. A copy of

the Notice of Removal is attached hereto.

RESPECTFULLY SUBMITTED this 26th day of March 2026, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s/ Joshua A. Traini
AK #1305030
Assistant U.S. Attorney
United States of America
Attorney for Defendants

**CERTIFICATE OF SERVICE**
I hereby certify that on March 26, 2026,
a copy of the foregoing was served electronically on:

Margaret Simonian
Julia D. Moudy
Dillon Findley & Simonian, P.C.
1049 W. 5th Ave., Suite 100
Anchorage, AK 99501
*Attorneys for Plaintiff*

/s/ Joshua A. Traini
Assistant U.S. Attorney

*Received in the Alaska Trial Courts on 03/26/2026.*

*Avessuk v. ANMC, et al.*                    -2-
Case No. 3AN-25-11474CI

FILED IN THE ALASKA TRIAL COURTS ON 3/31/2026

MICHAEL J. HEYMAN
United States Attorney

JOSHUA A. TRAINI
NOAH ROETMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Josh.Traini@usdoj.gov
Email: Noah.Roetman@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HARMONY AVESSUK,<br><br>                        Plaintiff,<br><br>       vs.<br><br>ALASKA NATIVE MEDICAL<br>CENTER; ELYSIA SOPHIA<br>SPENCER, M.D.; TIRZA CANNON,<br>M.D.; and JULIE CASTLE, M.D.,<br><br>                  Defendants. | )<br>)<br>) Case No. 3:26-cv-_____<br>)<br>) (State Court No. 3AN-25-11474CI)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 2679(d)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1446, the

United States of America, through the United States Attorney's Office, removes this action

from the Superior Court for the State of Alaska, Third Judicial District at Anchorage to the

United States District Court for the District of Alaska. The United States removes this

action on behalf of the following parties: (1) Alaska Native Medical Center (ANMC), (2) Elysia Sophia Spencer, M.D., (3) Tirza Cannon, M.D., and (4) Julie Castle, M.D. In support of this Notice of Removal, the United States avers as follows:

## I. THE STATE COURT ACTION

1. On or about December 30, 2025, Plaintiff Harmony Avessuk filed a civil action in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, styled as *Harmony Avessuk vs. Alaska Native Medical Center; Elysia Sophia Spencer, M.D.; Tirza Cannon, M.D.; and Julie Castle, M.D.*, Case No. 3AN-11474CI (the "original complaint"). A true and correct copy of the original complaint is attached hereto as Exhibit A.

2. The allegations in the original complaint concern medical malpractice tort claims. Plaintiff has alleged that the defendants committed reckless negligence while treating Plaintiff during a long laparoscopic surgery, resulting in permanent nerve damage to her right leg and has suffered economic and non-economic injuries. Plaintiff seeks compensatory and punitive damages for this alleged medical malpractice and losses.

## II. THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

3. This Notice of Removal is brought under 28 U.S.C. § 2679(d)(2) and 28 U.S.C. § 1442.

4. Assistant United States Attorney and Civil Chief for the District of Alaska, Jacquelyn A. Traini, has certified that, with respect to the allegations in Plaintiff's Complaint, defendants Elysia Sophia Spencer, M.D., Tirza Cannon, M.D., and Julie

*Avessuk v. ANMC, et al.*        -2-
Case No. 3:26-cv-_____

Castle, M.D., all were acting within the scope of their employment with either Southcentral Foundation (SCF) or Alaska Native Tribal Health Consortium (ANTHC) and that they are deemed entitled to coverage and protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, pursuant to ANTHC and SCF's compacts or agreements with the federal Department of Health and Human Services under the Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 5321. Assistant United States Attorney and Civil Chief for the District of Alaska, Jacquelyn A. Traini, has further certified that, with respect to the allegations in Plaintiff's Complaint, Elysia Sophia Spencer, M.D., Tirza Cannon, M.D., and Julie Castle, M.D., all are deemed to be employees of the federal government as they were acting within the scope of federal employment for purposes of the FTCA, 28 U.S.C. §§ 2671-80. The Certification is filed concurrently with this Removal.

5.      28 U.S.C. § 2679(d)(2) provides: (1) that upon certification by the Attorney General that the Defendant employee was acting within the scope of its federal employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a state court shall be removed at any time before trial to the district court of the United States for the district in which the action is pending; and (2) that such claim shall be deemed to be an action against the United States subject to the provisions of the FTCA.

6.      The remedy provided by the FTCA for such claim and action against the United States is the exclusive remedy and any other civil action or proceeding against

*Avessuk v. ANMC, et al.*                    -3-
Case No. 3:26-cv-_____

defendants Elysia Sophia Spencer, M.D., Tirza Cannon, M.D., and Julie Castle, M.D., involving or arising out of the same subject matter, is precluded. 28 U.S.C. § 2679(b)(1).

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 2679(d)(2) (removal may occur "at any time before trial").

8. Pursuant to 28 U.S.C. § 2679(d)(2), no bond is required to be filed with this Notice of Removal.

9. This Court embraces the locality in which the state court action is now pending and thus is a proper forum pursuant to 28 U.SC. § 2679(d)(2).

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties who have appeared and filed with the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

12. This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

13. Pursuant to Local Rule 3.1(a), a copy of the civil cover sheet is being submitted herewith.

14. If any questions arise regarding the propriety of the removal of this action, the United States respectfully requests the opportunity to present briefing and/or oral argument in support of its position that this case is removable.

WHEREFORE, the Unites States respectfully requests that this Court:

*Avessuk v. ANMC, et al.*        -4-
Case No. 3:26-cv-_____

1.     Assume jurisdiction over this action as if Plaintiff Harmony Avessuk had originally commenced this action with this Court; and

2.     Substitute the United States in place of all named defendants, pursuant to 28 U.S.C. § 2679(d)(2) ("the United States shall be substituted as the party defendant") and 28 U.S.C. § 1442 as to ANMC.

RESPECTFULLY SUBMITTED this 26th day of March 2026, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s/ Joshua A. Traini
Assistant U.S. Attorney
United States of America

/s/ Noah Roetman
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**
I hereby certify that on March 26, 2026,
a copy of the foregoing was served electronically on:

Margaret Simonian
Julia D. Moudy
Dillon Findley & Simonian, P.C.
1049 W. 5th Ave., Suite 100
Anchorage, AK 99501
*Attorneys for Plaintiff*

/s/ Joshua A. Traini
Assistant U.S. Attorney

*Avessuk v. ANMC, et al.*                    -5-
Case No. 3:26-cv-_____

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## THIRD JUDICIAL DISTRICT AT ANCHORAGE

HARMONY AVESSUK, )
                             )
           Plaintiff, )
                             )
vs. )
                             )
ALASKA NATIVE MEDICAL )
CENTER; ELYSIA SOPHIA )
SPENCER, M.D.; TIRZA )
CANNON, M.D.; and JULIE )
CASTLE, M.D., )
                             )
        Defendants. )    Case No. 3AN-25- 11474 CI
                             )

## COMPLAINT

COMES plaintiff, Harmony Avessuk, through counsel, the law firm of Dillon Findley & Simonian, P.C., and for her respective causes of action, alleges as follows:

1. Harmony Avessuk was and is a resident of Anchorage, Alaska during all times relevant to the facts alleged herein.

2. Defendant Alaska Native Medical Center ("ANMC") is a healthcare facility located in Anchorage, Alaska and doing business in the State of Alaska, which employs nursing and other staff in its Emergency Department and Hospital.

3. Defendant Elysia Sophia Spencer, M.D. is a medical doctor licensed by the State of Alaska. On information and belief, during all relevant times alleged herein,

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-11474 CI
Page 1 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

Dr. Spencer was employed by, and/or an agent of, and/or on contract to ANMC with privileges as a member of its medical staff.

4.      Defendant Tirza Cannon, M.D. is a medical doctor licensed by the State of Alaska. On information and belief, during all relevant times alleged herein, Dr. Cannon was employed by, and/or an agent of, and/or on contract to ANMC with privileges as a member of its medical staff.

5.      Defendant Julie Castle, M.D., is a medical doctor licensed by the State of Alaska. On information and belief, during all relevant times alleged herein, Dr. Castle was employed by, and/or an agent of, and/or on contract to ANMC with privileges as a member of its medical staff.

6.      Jurisdiction in this Court is proper under AS 22.10.020. Venue is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3(c)(1).[1]

## FACTUAL BACKGROUND

7.      On January 11, 2024, at 5:03 p.m., Harmony Avessuk sought care at the emergency department of ANMC. Mrs. Avessuk had a history of abnormal bleeding from

---

[1]      This case involves care received at the Alaska Native Medical Center. It is likely that some if not all of the providers named were federal employees at the time of the care rendered to Harmony Avessuk and their care is governed by the Federal Torts Claims Act ("FTCA"). A proper administrative Form 95 has been filed to toll the statute of limitations for the federal action. However, federal case law does not protect the state statute of limitations for any healthcare provider who is not an employee of the federal government under the FTCA. Since there is no way to ensure that the healthcare providers who provided care to Harmony Avessuk were federal employees before the expiration of the state statute of limitations, this Complaint is necessary to require the United States Government to certify the status of each provider involved in her care.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 2 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax (907) 277-9896

a hysterctomy and bilateral salpingo-oophorectormy as well as rupture of ovarian cysts. On January 11, she was experiencing lower pelvis/abdominal pain radiating to her back over the previous two days. Dr. Ashlin Larsen noted in Mrs. Avessuk's record that on chart review, the patient had known severe endometriosis with dense adhesions to her bowel as well as a recurrent left adnexal cyst following her previous procedures. Dr. Larsen noted that Mrs. Avessuk is "felt to have an ovarian remnant in her left lower quadrant." The differential diagnoses included but was not limited to adnexal cyst rupture, UTI/pyelonephristis, ureterolithiasis, diverticulitis, among other etiologies.

8.     Dr. Larsen consulted with OB/GYN Dr. Tirza Cannon who recommended surgery the next day, January 12. Urology was contacted for consideration of stent placement during the surgery. Mrs. Avessuk was released to return for surgery. Dr. Castle reviewed the consent for procedure with Mrs. Avessuk before she was released.

9.     On January 12, Mrs. Avessuk returned to ANMC for her outpatient surgery. Her surgery began at 9:00 a.m. Dr. Spencer was the urologist and Dr. Cannon, an OB/GYN, was present to assist due to the complexity of the case.  The record notes that several circumstances contributed to the complexity of the case: Mrs. Avessuk's comorbidities, the size of the mass, prior surgeries, and the nature and location of the disease burden. The postoperative diagnoses were 1) left adnexal cyst; 2) left hydroureteronephrosis likely 2/2 extrinsic compression; and 3) history of severe endometriosis.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al*
Case No. 3AN-25-_____ CI
Page 3 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

10.     Mrs. Avessuk was brought into the operating room by the anesthesia provider and placed in the supine position. During the surgery, sequential compression devices were placed on Mrs. Avessuk's legs for deep vein thrombosis prevention. According to the medical record, Mrs. Avessuk was "carefully transferred to the dorsal lithotomy position and all pressure points were padded." According to the medical record, she was placed in a "high dorsal lithotomy position with feet in the Yellowfins."

11.     Dr. Spencer performed her portion of procedure which included a robotic assisted left ureterolysis, and robotic assisted lysis of adhesions, a cystourethroscopy, and left retrograde pyelogram, placement of a left ureteral stent without string, and interpretation of intra-operative fluoroscopy.

12.     Following the ureteral stent portion of the procedure, Dr. Castle performed the gynecological portion. Mrs. Avessuk's legs were moved to low dorsal lithotomy and attention was turned to her abdomen. Dr. Castle attempted to enter the abdomen but the cavity was not reached with the standard length trocar, requiring the use of a long trocar for the second attempt. Ultimately, it was decided to proceed with supra-umbilical entry while elevating the abdomen at the umbilicus.

13.     $CO_2$ gas was initiated and Mrs. Avessuk was placed in steep Trendelenburg for inspection of the left adnexal mass. In this position, a patient lies flat on their back with their body tilted so their feet are raised higher than their head, typically at a 15-30 degree angle using gravity to shift internal organs and fluids.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 4 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

14. Dr. Castle was able to perform lysis of several adhesions and the identified cysts were opened and suctioned. Ultimately, Mrs. Avessuk was taken out of the Trendelenburg position and the CO2 gas was evacuated. Her legs were placed in a high dorsal lithotomy position, the Foley was removed, and she was replaced in the supine position.

15. Upon awakening in recovery, Mrs. Avessuk did not have feeling in both of her legs. At approximately 7:24 p.m., Dr. Castle received a call from the postop RN caring for Mrs. Avessuk. She had leg pain and cramping that was worse with walking. The record indicates that Mrs. Avessuk reported right calf cramps since waking from surgery. When trying to stand and walk to the bathroom, the medical note indicates that Mrs. Avessuk felt increased pain, including pins and needles feeling over her entire foot to her ankle. According to the record, Mrs. Avessuk felt unsteady on her feet and had pain with weight on her right leg. Dr. Castle recorded in Mrs. Avessuk's medical record that she had a prolonged surgery due to adhesions and the need for careful dissection. Dr. Castle attributed Mrs. Avessuk's right lower extremity symptoms to a "likely compressed right lower extremity nerve injury, which is most commonly from positioning." This was confirmed by a neurological examination by Dr. Castle. Dr. Castle referred Mrs. Avessuk for a physical therapy consult "ASAP, which will be 1/13/24." Dr. Castle admitted Mrs. Avessuk based on these findings.

16. On January 13, Mrs. Avessuk was evaluated by Victoria Hunter, PA-C for right lower extremity compartment syndrome. It was reported by Dr. Castle that Mrs.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 5 of 12

Case 3:26-cv-00137-HRH    Document 1-1    Filed 03/26/26    Page 5 of 12    **Exhibit A**
Case 3:26-cv-00137-HRH    Document 9-6    Filed 04/06/26    Page 12 of 19    **5 of 12**

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel. (907) 277-5400 • Fax: (907) 277-9896

Avessuk's was "a six hour case with patient in stirrup boots and positioned in Trendelenburg." PA Hunter diagnosed Mrs. Avessuk with "localized right posterior calf pain with induration, suspicious for DVT 2' prolonged position in OR." Mrs. Avessuk continued to have worsening pain and difficulty walking. On examination by Dr. Patricia Capo, M.D., Mrs. Avessuk's leg was "painful to palpation and when circumference [was] measured 10 cm inferior to tibial tuberosity the right calf [was] about 2 cm larger than the left and painful." DVT was ruled out by an ultrasound on January 13 and the medical records indicated that the "best assessment was that she [had] a soft tissue compression injury from positioning in the OR." According to the record, there was "no indication for emergent intervention." Mrs. Avessuk was released on January 14.

17. On January 18, Mrs. Avessuk was seen at ANMC's outpatient clinic by Amber Beardslee, DPT. In a note dated January 19, it was noted that Mrs. Avessuk's "entire leg was tingling" and she had "posterior calf pain consistent with soft tissue/nerve compression, though it appears mostly sensory with a small motor component." It was noted, however, that Mrs. Avessuk had difficulty lifting her right lower extremity due to pain. Mrs. Avessuk began physical therapy services. An eight-week program was prescribed. While Mrs. Avessuk was able to return her work at a desk position, she continued to have pain, fatigue, loss of mobility and function, and sensory discomfort and numbness.

18. After six (6) months of physical therapy, Mrs. Avessuk did have some relief. Her records from July 8, 2024, indicate, however, that she continued to have right

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 6 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

leg neuropathy, persistent burning sensation and numbness, but improved weakness. On August 16, Mrs. Avessuk underwent an EMG because of continued symptoms of pain, tingling, and numbness, and the resulting loss of mobility, requiring use of a cane. These findings did not rule out the injuries identified by the surgeon resulting from the prolonged placement.

19. On October 2, Dr. Castle again saw Mrs. Avessuk. She noted that Mrs. Avessuk continued to have pain, numbness, tingling, and cramps in her right leg, particularly with certain positions. Because of the need to compensate for her injury and pain, Dr. Castle noted that Mrs. Avessuk began experiencing back and joint issues. Mrs. Avessuk continued working with a physical therapist.

20. On December 9, Mrs. Avessuk had a neurology consult with Dr. George Banks, M.D. Dr. Banks reported that the clinical history supports a peri-operative right lower extremity lumbosacral plexus injury related to positioning. Mrs. Avessuk continued her efforts in physical therapy since Dr. Banks reported that the type of injury she suffered can take up to two (2) years to heal.

21. On June 30, 2025, Mrs. Avessuk again saw Dr. Castle. Dr. Castle noted that almost two years after the injury and despite regular physical therapy, Mrs. Avessuk continues to have right lower leg pain from her compression injury. She recorded that Mrs. Avessuk was "resigned that this may be the 'new normal.'" Dr. Castle recorded Mrs. Avessuk's ongoing leg symptoms as, "swelling, numb/tingling/weak, joint and muscle pain," with no new treatment options available or recommended.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 7 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

## COUNT I
## CORPORATE NEGLIGENCE

Plaintiff re-alleges paragraphs 1 through 21 as if fully set forth herein and further alleges as follows:

22. Defendant ANMC had a duty to staff, train and supervise medical professionals it employed, contracted with or who are its agents.

23. ANMC negligently and/or recklessly failed to formulate, adopt and enforce adequate rules and policies to ensure quality care for its patients admitted to its hospital including training and supervision of the medical providers who cared for Mrs. Avessuk.

24. As a direct and proximate cause of ANMC's conduct and failures as above alleged, Mrs. Avessuk sustained permanent nerve damage to her right leg.

## COUNT II
## NEGLIGENT/RECKLESS CONDUCT: ELYSIA SPENCER, M.D.

Plaintiff re-alleges paragraphs 1 through 24 as if fully set forth herein and further alleges as follows:

25. Dr. Spencer owed a duty to Mrs. Avessuk to assess, diagnose, identify, and treat her within the appropriate standard of care.

26. Dr. Spencer was negligent and/or reckless in failing to appropriately evaluate, assess, diagnose and treat Mrs. Avessuk.

27. As a direct and proximate cause of Dr. Spencer's conduct as above alleged, Mrs. Avessuk suffered injury, past and future pain and suffering, past and future medical expenses, and past and future wage loss.

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

## COUNT III
### NEGLIGENT/RECKLESS CONDUCT: JULIE CASTLE, M.D.

Plaintiff re-alleges paragraphs 1 through 27 as if fully set forth herein and further alleges as follows:

28. Dr. Castle owed a duty to Mrs. Avessuk to assess, diagnose, identify, and treat her within the appropriate standard of care.

29. Dr. Castle was negligent and/or reckless in failing to appropriately evaluate, assess, diagnose and treat Mrs. Avessuk.

30. As a direct and proximate cause of Dr. Castle's conduct as above alleged, Mrs. Avessuk suffered injury, past and future pain and suffering, past and future medical expenses, and past and future wage loss.

## COUNT IV
### NEGLIGENT/RECKLESS CONDUCT: ALASKA NATIVE MEDICAL CENTER

Plaintiff re-alleges paragraphs 1 through 30 as if fully set forth herein and further alleges as follows:

31. On information and belief, health care providers caring for Mrs. Avessuk were employees, contractors or agents of defendant ANMC during all times as alleged herein.

32. In that the care provided to Mrs. Avessuk, by any and all health care providers, including other medical staff, employees, agents or contractors, were negligent and/or reckless in treating Mrs. Avessuk, defendant ANMC is responsible for the past and

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 9 of 12

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400  •  Fax: (907) 277-9896

future pain and suffering, past and future wage loss, and past and future medical expenses alleged herein under the doctrine of *respondeat superior* and/or apparent authority.

33.    To the extent that health care providers at ANMC were negligent and/or reckless, defendant ANMC is vicariously and directly liable to the plaintiff for the acts as alleged herein.

34.    As a direct and proximate cause of ANMC's conduct as above alleged, Mrs. Avessuk suffered physical injury, past pain and suffering, past and future medical expenses, and past and future wage loss.

## COUNT V
## NEGLIGENT/RECKLESS CONDUCT: TIRZA CANNON, M.D.

Plaintiff re-alleges paragraphs 1 through 34 as if fully set forth herein and further alleges as follows:

35.    Dr. Cannon owed a duty to Mrs. Avessuk to assess, diagnose, identify, and treat her within the appropriate standard of care.

36.    Dr. Cannon was negligent and/or reckless in failing to appropriately evaluate, assess, diagnose and treat Mrs. Avessuk.

37.    As a direct and proximate cause of Dr. Cannon's conduct as above alleged, Mrs. Avessuk suffered injury, past and future pain and suffering, past and future medical expenses, and past and future wage loss.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 10 of 12

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

## COUNT VI
## INFORMED CONSENT

Plaintiff re-alleges paragraphs 1 through 37 as if fully set forth herein and further alleges as follows:

38. Defendants owed a duty to obtain Mrs. Avessuk's informed consent prior to treatment on January 12, 2024 by furnishing her with material information that a reasonable patient would want to know in deciding whether to allow them to treat and whether to follow their recommendations for treatment including, but not limited to, the common risks and alternatives to the procedure.

39. Defendants negligently and with reckless disregard failed to obtain Mrs. Avessuk's informed consent by failing to furnish her, while she was not under the influence of medication, with material information that a reasonable patient would want to know before consenting to the type and extent of treatment he recommended including the risks and issues relevant to the treatment they were providing.

40. Had the providers at ANMC provided Mrs. Avessuk with this material information that a reasonable patient would want to know, she would not have consented to the treatment recommendations.

41. As a direct result of the negligent and reckless conduct alleged herein, Mrs. Avessuk suffered avoidable injuries, pain and suffering, past and future medical expenses, and past and future wage loss.

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 11 of 12

WHEREFORE, plaintiff prays for relief as follows:

1. For compensatory damages, in excess of $100,000.00, the exact amount to be proven at trial, including, but not limited to, compensation for economic and non-economic losses, past and future medical expenses, past and future wage loss, past and future pain and suffering;

2. For punitive damages;

3. For costs, attorney's fees and pre-judgment interest; and

4. For such other and further relief as the Court deems just and proper.


DATED this 30th day of December 2025, at Anchorage, Alaska.

DILLON FINDLEY & SIMONIAN, P.C.
Attorneys for Plaintiff

By: /s/ Margaret Simonian
Margaret Simonian, ABA No. 9901001

By: /s/ Julia D. Moudy
Julia D. Moudy, ABA No. 9411112

Received in the Alaska Trial Courts on 12/30/2025.

DILLON FINDLEY & SIMONIAN
A PROFESSIONAL CORPORATION
1049 W. 5th Avenue, Suite 100
Anchorage, Alaska 99501
Tel: (907) 277-5400 • Fax: (907) 277-9896

COMPLAINT
*Harmony Avessuk v. Alaska Native Medical Center, et al.*
Case No. 3AN-25-_____ CI
Page 12 of 12